JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Peter McGinty

### DEFENDANTS
Adrienne Nazon

**(b)** County of Residence of First Listed Plaintiff: Franklin
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Franklin
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian M. Garvine, 5 E. Long St, Suite 1100, Columbus, OH 43215
614-223-0290

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e(b) and ORC 4112.01(A)(2)
Brief description of cause:
Discriminatory employment practices.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 01/04/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Brian M. Garvine

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| Peter McGinty<br>1125 Westwood Avenue<br>Columbus, Ohio 43212<br><br>*Plaintiff(s)*<br>v.<br>Adrienne Nazon<br>2245 Riverside Drive, Unit 402<br>Columbus, Ohio 43221<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Adrienne Nazon
2245 Riverside Drive, Unit 402
Columbus, Ohio 43221

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Brian M. Garvine
5 E. Long Street
Suite 1100
Columbus, Ohio 43215

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Peter McGinty** <br> 1125 Westwood Avenue <br> Columbus, Ohio 43212 | : <br> : <br> : | Case No.: |
| Plaintiff | : | Judge: |
| Vs. | : | |
| **Adrienne Nazon,** <br> 2245 Riverside Drive, Unit 402 <br> Columbus, Ohio 43221 | : <br> : <br> : | **COMPLAINT** |
| Defendant | : | **Jury Demand Endorsed Herein** |

## I. INTRODUCTION

1. This is an action against Defendant Adrienne Nazon's ("Nazon") for intentional discrimination against Plaintiff Peter McGinty ("McGinty"). McGinty brings equal protection claims under 42 U.S.C §1983 as well as Ohio state law claims. As McGinty's supervisor, under 42 U.S.C. §2000e(b) and Ohio Revised Code §4112.01(A)(2), Nazon is liable for her discriminatory employment practices. Nazon, as McGinty's supervisor, subjected McGinty to adverse employment action because of his race and gender. After McGinty raised concerns with Nazon regarding issues brought to his attention from others in their department and Human Resources, Nazon retaliated against McGinty and deprived him of his full-time position, and ultimately forced him to resign from OSU.

## II. JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, this being an action to enforce rights guaranteed by federal statutes; pursuant to 28 U.S.C. § 1367 this Court has supplemental jurisdiction over McGinty's Ohio state law claims.

3. The discriminatory acts alleged below were committed within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division.

## III. PARTIES

4. McGinty is a resident of Columbus, Ohio, in Franklin County, which is within the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division. McGinty is a Caucasian male.

5. Nazon is an African American female and the head of the University Marketing Department at OSU; OSU is a public university and a political subdivision of the State of Ohio.

6. The actions of Nazon, which were under color of state law, were at all relevant times undertaken because of intentional race and gender discrimination and retaliation.

## IV. FACTS

7. On July 15, 2013, Plaintiff Peter McGinty ("McGinty") began working for The Ohio State University as Associate Vice President of Strategic Marketing and Communications for Enrollment Services.

8. On June 5, 2014, McGinty received his first performance evaluation; McGinty was rated "meets expectations".

9. In his evaluation, McGinty's supervisor indicated, "Pete, your first year at Ohio State has been great. The development of the strategic marketing communications plan was a major accomplishment. You brought a strategic perspective that elevated your office in a thoughtful and

professional manner. The foundations and teamwork you are building within your office, our division, across campus will pay great dividends as you implement the plan over the next several years. Also, your connections and strong relationships in the Columbus community have improved our partnerships and advanced our position with key community leaders and organizations."

10. Based upon McGinty's positive work performance, on August 18, 2014, McGinty was awarded a merit increase.

11. On June 11, 2015, McGinty received his second performance evaluation and was rated "meets expectations". In his evaluation, McGinty's supervisor noted, "Your collaborative leadership of the AMAC Group, Regional Campus Marketing Committee, and our Columbus Regional Partnerships are impressive. Your ability to elevate our team to a more strategic approach and marketing discipline in all facets of your work is important and equally high quality. Your development and management of staff coupled with your superior networking ability will benefit you and our team in the future."

12. Based on McGinty's positive work performance, on August 20, 2015, McGinty was awarded another merit increase.

13. In the fall of 2015, McGinty was recruited to join University Marketing as second in command to Defendant Nazon.

14. McGinty began his employment with University Marketing in February 2016.

15. On July 6, 2016, McGinty received his third performance review, which was conducted by Defendant Nazon.

16. Nazon gave McGinty the rating of "excels," which is the highest rating available.

17. McGinty's evaluation (written and signed by Nazon) indicated, "Pete is a consummate professional and experienced manager. I continue to be very excited to have him on this team and a partner on this journey. His work to build bridges and alignment across campus

and among campuses is important work in elevating how people will view and recognize The Ohio State brand. His work in establishing a strategy group and helping to lead the direction for university marketing has been invaluable. I look forward to our continued partnership with Pete's continued leadership in all we will accomplish in 2017."

18. On August 18, 2016, McGinty received another increase in his salary.

19. During the relevant time, it was well known in the University marketing department there were multiple complaints to Human Resources regarding a toxic culture in the department created by Nazon.

20. Because of McGinty's position in the department, employees often shared their concerns with him hoping he could affect positive change with Nazon.

21. Due to the volume and significance of the complaints, McGinty sought the advice of two Human Resources employees, Stephanie Mizer ("Mizer") and Cindy Silver ("Silver").

22. During meetings with Mizer and Silver, they each shared they were aware of the issues involving Nazon.

23. Both Mizer and Silver strongly encouraged McGinty to conduct a direct conversation with Nazon to address the issues; Mizer remarked, "you wouldn't be doing your job if you don't do this."

24. In December 2016, in follow-up to his meeting with Mizer and Silver, McGinty conducted a meeting with Nazon.

25. McGinty raised several issues, including questions regarding the Matrix Organization Nazon established.

26. In the fall of 2016, McGinty was with Nazon returning from a regional campus visit when Nazon took a phone call from Brian Aubert ("Aubert"), Senior Assistant Vice President of

Strategic Capabilities Development. Aubert indicated Nicholas Love just resigned. Nicholas Love is African American.

27. When Nazon got off the phone she told McGinty that Aubert "failed" Love. Nazon said Aubert didn't follow her advice on how he should manage Love. McGinty shared his perspective and told Nazon that Love was a problem employee with attitude and performance issues. Nazon became irritated with McGinty and went on to explain, "you guys have no idea what it's like to be Nick and be an African American in today's world."

28. McGinty also suggested redefining an employee named Melissa Bailey Harris' ("Harris") role as Harris was not fulfilling her duties as Nazon had designed those duties; Harris is a female and African American. Nazon did not follow McGinty's recommendation. Instead, Nazon maintained Harris role and took substantial issue with McGinty's objective critique of Harris.

29. McGinty also raised issues with respect to the culture of the office being toxic and employee morale and satisfaction being very low.

30. Shortly after the meeting, Nazon began to remove McGinty from key department initiatives and diminish his leadership perfectiveness. Further, she began working directly with McGinty's direct reports (Jacquie Aberegg and Amy Scott), effectively eliminating his leadership empowerment and effectiveness with them.

31. Although Nazon's last evaluation of McGinty determined McGinty "excels" and received the highest possible evaluation, after McGinty expressed concerns about two African American employees and Nazon expressed her view that white men like McGinty have an easier work environment than African American employees, Nazon concluded McGinty could no longer competently perform his job functions.

32. McGinty reported the results of the meeting to Mizer and Silver in Human Resource.

33. Both Mizer and Silver were extremely dismayed by the results but reinforced McGinty that he did the right thing by raising the issues.

34. During McGinty's mid-year evaluations, which began in February and March 2017, Nazon was extremely critical of McGinty's performance.

35. McGinty's mid-year review lasted seven hours, over four sessions; this is unprecedented amount of time to complete an evaluation.

36. McGinty listened to the unwarranted criticism, which included dramatically redefined job expectations. In response, on May 1, 2017, during a scheduled one on one meeting with Nazon, McGinty shared a document he prepared outlining his plan to meet her unjustified and unrealistic expectations.

37. Upon receipt of his plan to comply with her directives, Nazon told McGinty he was not the right fit and demanded his resignation.

38. McGinty immediately went to Human Resources (Jason Barnett, Sr. Human Resources Director) and inquired what would happen if did not resign; Barnett told McGinty he would be terminated.

39. McGinty was further told by Barnett that he would never work for the University or the State again if he was terminated and it would not "look good".

40. The following day, during a follow-up meeting with Nazon, she made the comment, "You'll have no problem getting a job; you're a tall white man. You guys have no idea how hard it is for me, Melissa and Nick and the unconscious and conscious bias we face."

41. ("Nick") refers to Nicholas Love former Senior Director of Social Media for the department, an African American gentleman, who previously worked with Nazon at the University of Chicago.

42. ("Melissa") refers to Melissa Bailey Harris, who is African American.

43. On May 15, 2017, the employment relationship between OSU and McGinty was terminated.

## COUNT ONE
### Employment Discrimination/Equal Protection Claim under 42 U.S.C. § 1983

44. Plaintiff repeats, re-alleges, and incorporates by reference all of the foregoing paragraphs.

45. Under color of state law or territorial law, Nazon, as McGinty's supervisor, intentionally discriminated against him on the basis of his gender and race; McGinty's race and gender were a motivating factor in Nazon's decision to constructively discharge McGinty.

46. As a direct and proximate result of Nazon's acts and omissions, McGinty is entitled to recover compensatory, punitive, consequential and incidental damages in an amount to be determined at trial, as well as costs, expenses, interest and attorney fees.

## COUNT TWO
### Race Discrimination Claim under Ohio Revised Code §4112.02(A)

47. Plaintiff repeats, re-alleges, and incorporates by reference all of the foregoing paragraphs.

48. Pursuant to the acts/omissions described above, Nazon is the unusual supervisor/employer which discriminated against non-minority employees.

49. Nazon, pursuant to her constructive discharge of McGinty, took action adverse to McGinty's employment.

50. Pursuant to, among other evidence described above, Nazon's own evaluation of McGinty, McGinty was qualified for his position.

51. Nazon treated McGinty adversely and disparately from similarly situated minority employees as described above.

52. Nazon discriminated against McGinty based upon his race in violation of Ohio Revised Code 4112.02, *et seq*.

53. As a direct and proximate result of Nazon's acts and omissions, McGinty is entitled to recover compensatory, punitive, consequential and incidental damages in an amount to be determined at trial, as well as costs, expenses, interest and attorney fees.

## COUNT THREE
### Gender Discrimination under Ohio Revised Code §4112.02(A)

54. Plaintiff repeats, re-alleges, and incorporates by reference all of the foregoing paragraphs.

55. Nazon discriminated against McGinty based upon his gender in violation of Ohio Revised Code 4112.02, *et seq*.

56. McGinty is a white male.

57. McGinty suffered an adverse employment action – he was constructively discharged by Nazon.

58. Pursuant to, among other evidence described above, Nazon's own evaluation of McGinty, McGinty was qualified for his position.

59. McGinty was replaced by a woman; in addition, a comparable non-protected person (among other persons, Harris) was treated better and more favorably than McGinty.

60. As a direct and proximate result of Nazon's acts and omissions, McGinty is entitled to recover compensatory, punitive, consequential and incidental damages in an amount to be determined at trial, as well as costs, expenses, interest and attorney fees.

## COUNT FOUR
### Retaliation under the First Amendment to the United States Constitution and under Ohio Revised Code §4112.02(I)

61. Plaintiff repeats, re-alleges, and incorporates by reference all of the foregoing paragraphs.

62. McGinty opposed and participated in actions contesting Nazon's race and gender discrimination against himself and other employees and was subjected to materially adverse actions by Nazon, including a hostile work environment and constructive discharge in retaliation for his protected activity.

63. McGinty's protected activity was a matter of public concern and a motivating factor in Nazon's decision to constructively discharge McGinty.

64. As a direct and proximate result of Nazon's acts and omissions, McGinty is entitled to recover compensatory, punitive, consequential and incidental damages in an amount to be determined at trial, as well as costs, expenses, interest and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of $500,000.00, plus interest, costs, expenses, compensatory damages, punitive damages and reasonable attorney fees incurred in this litigation and any and all other legal and/or equitable relief deemed appropriate by this Court.

Respectfully submitted,

**Law Office of Brian M. Garvine, LLC**

*/s/ Brian M. Garvine*
Brian M. Garvine (0068422)
5 East Long Street
Suite 1100
Columbus, OH 43215
Phone (614) 223-0290
Fax (614) 221-3201
brian@garvinelaw.com
*Attorney for Plaintiff*

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

*/s/ Brian M. Garvine*
Brian M. Garvine (0068422)