**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

PETER McGINTY,

    Plaintiff,

v.

ADRIENNE NAZON,

    Defendant.

Case No. 2:18-cv-007
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

**OPINION AND ORDER**

This matter is before the Court upon Defendant Adrienne Nazon's Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted ("Nazon's Motion to Dismiss") (Doc. 3), as well as Plaintiff Peter McGinty's Motion to Stay this case pending a determination of Nazon's statutory immunity in the Ohio Court of Claims ("McGinty's Motion to Stay") (Doc. 7). Nazon's Motion to Dismiss is fully briefed and ripe for disposition; Nazon filed a response to McGinty's Motion to Stay, but McGinty did not file a reply and the time to do so has now elapsed. For the following reasons, Nazon's Motion to Dismiss is **GRANTED** and McGinty's Motion to Stay is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff Peter McGinty, a white male, commenced an action in this Court on January 4, 2018, asserting that his direct supervisor, Defendant Adrienne Nazon, constructively discharged him from his employment with The Ohio State University's department of University Marketing based on his race and gender. (Doc. 1, Federal Compl.). McGinty's Complaint asserts four

counts: employment discrimination in violation of the equal protection clause of the Fourteenth Amendment under 42 U.S.C. § 1983 (Count 1), and race and gender discrimination and retaliation claims under Ohio Revised Code ("R.C.") Chapter 4112 (Counts 2-4).

The same day that McGinty commenced the action in this Court, he also commenced an action in the Ohio Court of Claims seeking damages from the State of Ohio and The Ohio State University for the same conduct complained of in the federal action. (Doc. 3-2, Court of Claims Compl.). The two complaints are nearly identical and assert the same four counts.

Nazon now moves to dismiss McGinty's federal Complaint for lack of subject-matter jurisdiction on grounds of statutory immunity under R.C. § 9.86 (as pertains to McGinty's state law claims under Chapter 4112) and for failure to state a claim on grounds of waiver under R.C. § 2743.02(A)(1) (as pertains to McGinty's § 1983 claim). McGinty also moves to stay this case pending a determination of Nazon's immunity by the Court of Claims.

## II. STANDARDS OF REVIEW

### A. Dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain

2

statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky,* 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).

**B.     Dismissal for failure to state a claim under Rule 12(b)(6)**

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d

829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes, Inc. v. Ritz-Craft Corp of Mich., Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Nazon seeks dismissal for lack of subject-matter jurisdiction over McGinty's state law claims and dismissal due to waiver of McGinty's § 1983 claim. McGinty's arguments in support of his Motion to Stay are intertwined with Nazon's arguments for dismissal and will be considered together.

**A. Subject-matter jurisdiction over state law claims**

Nazon, as the employee of a state university, is entitled to immunity from civil liability in certain circumstances. Ohio Revised Code § 9.86 provides in part,

> [N]o officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

Further, if plaintiffs wish to avail themselves of the exception to immunity under § 9.86 for actions that are outside the scope of the employee's employment or malicious, in bad faith, wanton, or reckless, they must seek determination as to the employee's immunity from the Ohio Court of Claims *before* commencing an action for damages in another court. R.C. § 2743.02(F) (such an action "shall *first* be filed against the state in the Court of Claims that has exclusive,

4

original jurisdiction to determine, *initially*, whether the [ ] employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.") (emphasis added).

Nazon asserts that because the Court of Claims has made no immunity determination, this Court lacks subject-matter jurisdiction over McGinty's state law claims. McGinty does not contest that § 9.86 governs his state law claims; however, he asks that the Court merely stay the federal litigation pending an immunity determination by the Court of Claims. Nazon has the better argument.

The Sixth Circuit has squarely held that failure to obtain an immunity determination under R.C. § 2743.02(F) prior to commencing suit against an Ohio state employee in federal court requires dismissal of the federal action for lack of subject-matter jurisdiction. *McCormick v. Miami Univ.*, 693 F.3d 654, 665 (6th Cir. 2012) (quoting *Haynes v. Marshall*, 887 F.2d 700 (6th Cir. 1989)). And McGinty has not submitted any evidence that he sought an immunity determination before or after commencing this action.

To the contrary, McGinty submitted a March 23, 2018 order by the magistrate in the Court of Claims action, which stayed that action pending either an immunity determination or final disposition of the federal action. (Doc. 10). The magistrate's order also stated that "[p]ursuant to L.C.C.R. 4.1, any party may file a motion requesting an immunity determination"; yet despite the passage of nearly two months since that order, and despite McGinty's statement to this Court on April 9, 2018 that "Plaintiff will be filing a Motion requesting an immunity determination in the Court of Claims" (Doc. 10), there is still no indication that McGinty has done so. Since neither this action nor the Court of Claims action can proceed without an immunity determination, it is unclear what McGinty hopes to accomplish by staying both cases

pending that determination, while simultaneously failing to ask the Court of Claims to make that determination.

In any case, while McGinty may yet request an immunity determination in the future, he has not done so to date. Therefore, under binding Sixth Circuit precedent, this Court lacks subject-matter jurisdiction over McGinty's state law claims. And when the Court lacks subject-matter jurisdiction, it has no power to stay those claims or do anything other than immediately dismiss them. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, McGinty's state law claims under R.C. Chapter 4112 are dismissed.

**B.     Waiver of § 1983 claim**

The personal immunity afforded to Ohio state employees by R.C. § 9.86 extends only to civil liability arising under Ohio law; accordingly, § 9.86 does not reach McGinty's federal claim under 42 U.S.C. § 1983. However, R.C. § 2347.03(A)(1) provides that

> filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee . . . . The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

As McGinty filed a nearly-identical § 1983 claim based on Nazon's constructive discharge in the Court of Claims, Nazon argues that he has waived his § 1983 claim in this Court. McGinty argues that § 2347.03(A)(1) contains an exception to waiver that is coextensive with the exception for personal immunity under § 9.86 (*i.e.*, that neither personal immunity nor waiver apply when the state employee's actions were outside the scope of employment, malicious, in bad faith, wanton, or reckless) and that therefore this case should be stayed pending an immunity determination by the Court of Claims. Nazon again has the better argument.

6

The Sixth Circuit has directly addressed this situation and determined that filing an action in the Court of Claims waives the plaintiff's federal claims against a state employee based on the same conduct. *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 458 (6th Cir. 1998); *Leaman v. Ohio Dep't of Mental Retardation & Development Disabilities*, 825 F.2d 946, 951–52 (6th Cir. 1987). The Sixth Circuit has also recognized that a finding by the Court of Claims that a state employee's actions were outside the scope of employment, malicious, in bad faith, wanton, or reckless would have the effect of reversing this waiver, requiring a district court to "reinstate [the plaintiff's] claims as if no waiver had ever occurred." *Turker*, 157 F. 3d at 458. While this course of action remains available to McGinty if he receives a favorable immunity determination from the Court of Claims, no such determination has yet occurred and the waiver under § 2347.03(A)(1) remains in effect.

McGinty has not directed the Court to any authority requiring a district court to stay (rather than dismiss) the action pending an immunity determination that might reverse the waiver. And the Court is not inclined to use its inherent authority to order a stay on this basis given McGinty's delay in requesting the immunity determination. As a result, his § 1983 claim against Nazon is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Nazon's Motion to Dismiss is **GRANTED** and McGinty's Motion to Stay is **DENIED**.

The Clerk shall remove Documents 3 and 7 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

      */s/ George C. Smith*
      **GEORGE C. SMITH, JUDGE**
      **UNITED STATES DISTRICT COURT**